UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY GOFORTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case no. 4:16cv00458 RWS/PLC |
| ) | |
| JAY CASSADY and JOSH HAWLEY, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

Petitioner Jerry Goforth moves the Court to stay and hold in abeyance his Amended Petition for Writ of Habeas Corpus [ECF No. 34]. Respondents oppose the motion [ECF No. 35]. For the reasons set forth below, the undersigned denies the motion.[1]

The State charged Petitioner with first-degree murder for the death of Ola Mae Abbott on June 7, 1990, when Petitioner was seventeen years old.[2] At the time of the offense, the sentence for first-degree murder, regardless of the offender's age, was either death or imprisonment for life without eligibility for parole. Mo. Rev. Stat. § 565.020.2 (1986). In exchange for the State's agreement not to seek the death penalty, Petitioner waived a jury trial.[3] On September 11, 1991, after finding Petitioner guilty of first-degree murder, the trial court sentenced Petitioner to the

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), the presiding United States District Judge referred this matter to the undersigned United States Magistrate Judge for a report and recommendation on dispositive matters and for rulings on non-dispositive matters [ECF No. 8].

[2] Pet'r state court hab pet'n at 1, filed in the Missouri Supreme Court on June 7, 2013 [ECF No. 24-1].

[3] Pet'r state court hab pet'n at 1, filed in the Missouri Supreme Court on June 7, 2013 [ECF No. 24-1].

only available sentence: life without the possibility of parole.[4] In a later case, after pleading guilty to a kidnapping on August 4, 1998, Petitioner received a twenty-five year term of imprisonment consecutive to the life sentence Petitioner was serving.[5]

The United States Supreme Court subsequently held that: (1) the Eighth Amendment forbids imposition of a sentence of "mandatory life without parole [on] those under the age of 18 at the time of their" homicide offenses, Miller v. Alabama, 567 U.S. 460, 465, 479 (2012); and (2) Miller announced a substantive rule of constitutional law that courts must apply when collaterally reviewing convictions final at the time of the Miller decision, Montgomery v. Louisiana, 136 S. Ct. 718 (2016).[6] Importantly, the Supreme Court explained that "[a] State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." Id. at 736.

In 2013, after the Miller decision and before the Montgomery decision, Petitioner filed in the Missouri Supreme Court a petition for state habeas relief challenging as unconstitutional under Miller his life-without-parole sentence. [ECF No. 24-1]. In 2016, after the United States Supreme Court decision in Montgomery, the Missouri Supreme Court granted Petitioner's state habeas petition by providing he was eligible for parole after serving twenty-five years of his life-without-parole sentence. [ECF No. 24-2.] Petitioner subsequently filed both a motion for

---

[4] Pet'r state court hab pet'n at 1, filed in the Missouri Supreme Court on June 7, 2013 [ECF No. 24-1].

[5] See Mar. 3, 1999 docket entry regarding sentence imposed in State v. Goforth, No. 19CR01980191 (Cole Cnty. Cir. Ct. indictment filed Nov. 9, 1998) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Sept. 27, 2017); see also Pet'r Missouri Dep't of Corr. Adult Insts. Face Sheet [ECF Nos. 24-6, 24-7]; Pet'r Am. Pet'n at 4 [ECF No. 24].

[6] The United States Supreme Court has also held that the Eighth Amendment forbids imposition of: (1) a life-without-parole term of imprisonment on an offender convicted of an offense not involving homicide who was under the age of eighteen at the time of the offense, Graham v. Florida, 560 U.S. 48, 74, 82 (2010); and (2) the death penalty on offenders who were under the age of eighteen when their crimes were committed, Roper v. Simmons, 543 U.S. 551, 578 (2005).

rehearing or reconsideration of the Missouri Supreme Court's decision granting his state habeas petition [ECF No. 24-3] and his petition for federal habeas relief [ECF No. 1].

On July 19, 2016, the Missouri Supreme Court: (1) vacated its March 15, 2016, order granting Petitioner's state habeas petition; (2) overruled as moot Petitioner's motion for rehearing, and (3) denied Petitioner's state habeas petition, citing Missouri Senate Bill 590, 98th General Assembly, Reg. Session (Mo. 2016) [ECF No. 24-5]. As approved, Missouri Senate Bill 590 immediately repealed Missouri Revised Statutes Section 565.020 and enacted Missouri Revised Statutes Section 558.047.1(1) [see ECF No. 24-4]. Section 558.047.1(1) provides:

> Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

Thereafter, the undersigned directed the parties to submit briefs addressing the effect of Missouri Senate Bill 590 on Petitioner's petition. In response, Petitioner, through appointed counsel, conceded that some issues in his original petition "no longer appl[ied]," and successfully sought leave to file an amended petition.[7] Instead of filing a reply to Respondents' response to his amended petition, Petitioner filed his pending motion to stay.

Petitioner sought a stay of this federal habeas proceeding "until the Missouri Supreme Court . . . issued [decisions] . . . in Willbanks v. Missouri Dep't of Corr., No. SC95395 (Mo. filed Apr. 5, 2016) and State v. Nathan, No. SC95473 (Mo. filed Apr. 5, 2016)."[8] While acknowledging that "neither case is precisely on point," Petitioner noted Respondents cited the

---

[7] See Pet'r mot. leave to file am. pet'n for a writ of habeas corpus [ECF No. 22] and Order granting Pet'r mot. [ECF No. 23].

[8] Pet'r mot. for stay [ECF No. 34].

two cases in its response to the amended petition as possibly impacting the total amount of time Petitioner may have to serve before being eligible for parole. Petitioner also conceded his amended petition does not include exhausted and unexhausted claims, but argued "the rationale of Rhines[ v. Weber, 544 U.S. 269 (2005)] is applicable here" because it was not clear at the time Petitioner filed the motion to stay whether the Missouri Supreme Court decisions in Willbanks and Nathan would support Petitioner's federal habeas claims.

Recognizing that the Missouri Supreme Court decisions in Willbanks and Nathan "*may* impact the aggregate total Petitioner must serve on his consecutive sentences before he is parole eligible" (emphasis in the original), Respondents opposed Petitioner's motion. Specifically, Respondents contended Petitioner cannot obtain habeas relief without exhausting his claims and he had not exhausted any claim in his amended petition. Therefore, Respondents urged, a stay is not warranted.

District courts considering federal habeas petitions have authority to issue stays, but the Antiterrorism and Effective Death Penalty Act of 1996 "circumscribe[s]" the courts' discretion. Rhines, 544 U.S. at 276. Therefore, a stay and abeyance of a federal habeas proceeding is "available only in limited circumstances." Id. at 277. In Rhines, the United States Supreme Court described three factors a court must consider when addressing a motion to stay a habeas proceeding based on a petition presenting both exhausted and unexhausted claims. Id. at 277-78.

As Petitioner conceded, Petitioner's amended habeas petition does not clearly contain any exhausted claims, but Petitioner's motion to stay sought relief only until the Missouri Supreme Court issued a decision in two then-pending cases. On July 17, 2017, the Missouri Supreme Court issued an opinion in each of the two cases. Willbanks v. Missouri Dep't of Corr., 522

S.W.3d 238 (Mo. 2017) (en banc); State v. Nathan, 522 S.W.3d 881 (Mo. 2017) (en banc).[9] In Willbanks, the Missouri Supreme Court addressed the question whether "multiple fixed-term sentences [for non-homicide offenses], which total beyond a juvenile offender's life expectancy, should be considered the functional equivalent of life without parole." Willbanks, 522 S.W.3d at 242. The Missouri Supreme Court concluded that: "[t]he [United States] Supreme Court has never held that consecutive lengthy sentences for multiple crimes in excess of a juvenile's life expectancy is the functional equivalent of life without parole." Id. at 246. "Without direction from the [United States] Supreme Court to the contrary," the Missouri Supreme Court decided to "continue to enforce . . . current mandatory minimum parole statutes and regulations by declining to extend Graham," supra. Willbanks, 522 S.W.3d at 246. Based on similar reasoning, the Missouri Supreme Court in Nathan held that sentencing a juvenile offender to lengthy consecutive sentences for committing multiple non-homicide offenses along with a homicide offense was not the functional equivalent of life without the possibility of parole that would violate the constitutional right to due process and the constitutional prohibition against cruel and unusual punishment. Nathan, 522 S.W.3d at 885-94.[10]

Because the Missouri Supreme Court issued decisions in Willbanks and Nathan and the pendency of those two cases, without a decision by the Missouri Supreme Court, was the basis of

---

[9] On July 11, 2017, the Missouri Supreme Court also decided that a court's imposition, on a juvenile offender convicted of three counts of capital murder, of three concurrent mandatory sentences of life without the possibility of parole for fifty years violated the Eighth Amendment's prohibition against cruel and unusual punishment as enunciated in Miller, supra. State ex rel. Carr v. Wallace, No. SC93487, 2017 WL 2952314 (Mo. July 11, 2017) (en banc) ("Carr"), motion for reh'g filed July 26, 2017 (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Sept. 27, 2017). In its opinion, the Missouri Supreme Court distinguished Carr from its decisions in Willbanks and Nathan on the ground the Carr case "did not present the same stacking or functional equivalent sentences issue presented in" Willbanks and Nathan. Carr, 2017 WL 2952314, at *5 n.7.

[10] The United States Supreme Court has under consideration a petition for certiorari filed in the Willbanks case only. Willbanks v. Missouri Dep't Corr., No. 17-165 (US. filed Aug. 2, 2017).

Petitioner's motion to stay, the motion is moot. Under the circumstances, the undersigned need not further address the propriety of a <u>Rhines</u> stay in this matter.[11] After careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's motion to stay [ECF No. 34] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, within sixty days of the date of this Order, Petitioner shall file his reply to Respondents' response to his amended petition.

_Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27<u>th</u> day of September, 2017.

---

[11] Without deciding the issue, there is support for applying <u>Rhines</u> principles to a federal habeas petition, such as Petitioner's, containing only unexhausted claims. See <u>Akins v. Kenney</u>, 410 F.3d 451, 455-56 and 455 n.1 (8th Cir. 2005) (remanding for consideration of <u>Rhines</u> factors while questioning whether the petition included any exhausted claims).